UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KULWANT KAUR SIDHU, | ) | 1:12-cv—01405-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING THE CLERK TO CLOSE THE ACTION |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 12, 2012 (doc. 3). Pending before the Court is the petition, which was filed on August 27, 2012.

1

1  I. <u>Screening the Petition</u>

2  Rule 4 of the Rules Governing § 2254 Cases in the United
3  States District Courts (Habeas Rules) requires the Court to make
4  a preliminary review of each petition for writ of habeas corpus.
5  The Court must summarily dismiss a petition "[i]f it plainly
6  appears from the petition and any attached exhibits that the
7  petitioner is not entitled to relief in the district court...."
8  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.
9  1990); <u>see</u> also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.
10 1990).  Habeas Rule 2(c) requires that a petition 1) specify all
11 grounds of relief available to the Petitioner; 2) state the facts
12 supporting each ground; and 3) state the relief requested.
13 Notice pleading is not sufficient; rather, the petition must
14 state facts that point to a real possibility of constitutional
15 error.  Rule 4, advisory committee notes, 1976 adoption;
16 <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v.
17 Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition
18 that are vague, conclusory, or palpably incredible are subject to
19 summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

20 The Court may dismiss a petition for writ of habeas corpus
21 either on its own motion under Habeas Rule 4, pursuant to the
22 respondent's motion to dismiss, or after an answer to the
23 petition has been filed.  Advisory committee notes to Habeas Rule
24 8, 1976 adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43
25 (9th Cir. 2001).

26 II. <u>Petitioner's Claim</u>

27 Petitioner is an alien incarcerated at the California City
28 Correctional Institution.  Petitioner challenges an order which

appears to have been a final order in removal proceedings from which Petitioner appealed to the Board of Immigration Appeals (BIA), which subsequently denied the appeal in July 2012. Petitioner challenges the order on the grounds of economic hardship and extreme hardship on her family, which Petitioner alleges includes two children born in the United States. (Pet. 2-5.)

### III. Subject Matter Jurisdiction

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to

review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

In this case, Petitioner's challenge stems from an order of removal from the immigration authority.  The clear language of 8 U.S.C. § 1252 precludes this Court from entertaining Petitioner's claim:

> The jurisdictional provisions of 8 U.S.C. § 1252 apply to 'all questions of law and fact... arising from any action taken or proceeding brought to remove an alien from the United States,' so judicial review of claims arising from such actions is governed exclusively by that section.

Rafaelano v. Wilson, 471 F.3d 1091, 1095 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(9))[1].  Therefore, this Court does not have jurisdiction to hear Petitioner's claims.  The claims should be brought in a petition for review to the Ninth Circuit Court of Appeals.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for

---

[1] Section 1252(b)(9) provides:

Consolidation of questions for judicial review

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

4

lack of subject matter jurisdiction; and

    2) The Clerk is DIRECTED to close the action because this order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   September 13, 2012**          /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE